UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | 1:07-cv-01620 (RMC) |
| v. | ) ) ) | |
| U.S. DEPARTMENT OF JUSTICE | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**STATEMENT**

Through this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, CREW challenges defendant Department of Justice's ("DOJ") search for documents in response to CREW's FOIA request for documents related to DOJ's varying public explanations regarding the termination of nine U.S. Attorneys and how those explanations were shaped and influenced by Mark McKinnon and his public relations firms. Despite the straightforward nature of CREW's FOIA request and its fulfillment of the necessary criteria for expedited processing, DOJ refused CREW's request for expedition and now avers, through its inadequate declaration, that there are no responsive documents.

DOJ's submitted declaration is plainly inadequate under the FOIA and the untimely nature of its response inherently suspect, given the primary nature of the documents sought - - emails concerning the firing of U.S. Attorneys and the shifting explanations given by the DOJ. Moreover, DOJ's responses raise questions about the universe of documents and deprive CREW and the Court from assessing the adequacy of the agency's search. Under these circumstances

defendant's motion to dismiss or alternatively for summary judgment must be denied.

## FACTUAL BACKGROUND

In and around April 2007, newspapers and other media began publishing numerous stories about the DOJ's firing of nine U.S. Attorneys and its justification for the firings.  See e.g., Sean Cockerham, McKay Suggests Cover-Up in Prosecutor Case, *The Olympian*, May 20, 2007 (Exhibit A to Complaint); Dan Eggan and Paul Kane, House GOP Stands Behind Gonzalez, *The Washington Post*, May 11, 2007 (Exhibit B to Complaint); Dan Eggan, Justice Dept. Won't Release All Documents Lawmakers Seek, *The Washington Post*, April 27, 2007.  Complaint, ¶ 18, Exhibit C).

On April 27, 2007, *The Washington Post's* Dan Eggan reported that DOJ refused to release 171 documents related to the firings of the U.S. Attorneys that included emails plotting DOJ's media strategies and press coverage.  Dan Eggen, Justice Dept. Won't Release All Documents Lawmakers Seek,*The Washington Post*, April 27, 2007.  Complaint, ¶ 19, Exhibit C.

On May 11, 2007, another article appeared in *The Washington Post* that discussed the shifting reasons being given by the attorney general for and the extent of White House political advisor Karl Rove's involvement in the U.S. attorney firings.  Dan Eggan and Paul Kane, House GOP Stands Behind Gonzalez, *The Washington Post*, May 11, 2007.  Complaint, ¶ 20, Exhibit B.

On May 22, 2007, *Truthout* reported that the White House had hired a well-known Republican operative to handle damage control following the U.S. attorney scandal.  Matt Renner, White House Coordinated with GOP Consultant on US Attorney Scandal, *Truthout*, May 22, 2007.  Complaint, ¶ 21, Exhibit D.  The story discussed emails released by the DOJ to

Mark McKinnon, a strategist whose firm works with clients to "turn risky public situations to their advantage," requesting talking points to respond to a critical column from another media outlet.  Id.

On May 23, 2007, plaintiff sent by facsimile and first-class mail a FOIA request for records, regardless of format, and including electronic records and information, audiotapes, videotapes and photographs to the DOJ Office of Information and Privacy ("OIP").  Complaint, ¶ 22.  Plaintiff also sought expedited processing of its request to the OIP.

CREW's FOIA request sought:

>     (1) all emails sent to or from Mark McKinnon and any former or current Department of Justice ("DOJ") employee in the Offices of the Attorney General, Deputy Attorney General and/or Associate Attorney General concerning any aspect of the congressional inquiry into the firing of U.S. Attorneys;
>
>     (2) all emails sent to or from any individual or individuals at Maverick Media, Inc. and any former or current Department of Justice ("DOJ") employee in the Offices of the Attorney General, Deputy Attorney General and/or Associate Attorney General concerning any aspect of the congressional inquiry into the firing of U.S. Attorneys; and
>
>     (3) all emails sent to or from any individual or individuals at Public Strategies, Inc. and any former or current Department of Justice ("DOJ") employee in the Offices of Attorney General, Deputy Attorney General and/or Associate Attorney General concerning any aspect of the congressional inquiry into the firing of U.S. Attorneys.

On May 23, 2007, plaintiff sent a separate letter by facsimile and first-class mail to the DOJ Office of Public Affairs seeking expedition of its FOIA request to the OIP pursuant to DOJ FOIA regulations 28 C.F.R. § 16.5(d)(2).  Complaint, ¶ 23.  As CREW explained, expedition was warranted given the widespread and exceptional media interest and varying public explanations DOJ has offered regarding the termination of the U.S. Attorneys.  Complaint, ¶ 26.

3

CREW also sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures and the request is primarily and fundamentally for non-commercial purposes. Complaint, ¶ 24. Specifically, the requested records are likely to contribute to the public's understanding of the extent to which DOJ, with the assistance of the White House, has sought assistance from outside public relations companies to handle messaging and damage control from the U.S. attorney firing controversy. Id.

On June 4, 2007, OIP acknowledged receipt of plaintiff's May 23, 2007 FOIA request and denied CREW's request for expedited processing. DOJ based its denial on its determination that plaintiff's primary activity "does not appear to be information dissemination, which is required for a requester to qualify for expedited processing." Complaint, ¶ 27.

OIP further informed plaintiff that its request for expedited processing based on "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," had been directed to the Director of Public Affairs for a decision whether to grant or deny expedited processing under that standard. Complaint, ¶ 28.

On June 7, 2007, plaintiff sent a letter appealing OIP's denial of CREW's request for expedition. Complaint, ¶ 29. In the letter, plaintiff reiterated that it is an organization engaged "primarily in the dissemination of information," and fully satisfies the criteria for expedition. Id. CREW further described how it publishes reports based on information it receives through FOIA requests, including its recently published report that details the record-keeping practices of the White House. Id.

4

On June 15, 2007, OIP, responding to plaintiff's appeal, affirmed the agency's initial denial of expedition. Complaint, ¶ 30. This letter did not address plaintiff's other request for expedited treatment that was made directly to DOJ's Office of Public Affairs. Id.

On June 27, 2007, the Director of Public Affairs denied plaintiff's request for expedited processing of its May 23, 2007 FOIA request based on its determination that "the subject of your [plaintiff's] request is not a matter of widespread and exceptional media interest." Complaint, ¶ 31.

On July 10, 2007, plaintiff appealed the Office of Public Affairs' denial of CREW's request for expedited processing. Complaint, ¶ 32. In the letter, plaintiff pointed out that in its initial request plaintiff had included four articles that detail the DOJ's public explanations of the firings. Id. With its appeal plaintiff included an additional six articles regarding the DOJ's public explanations of the US Attorney firings. Id. For example, plaintiff cited one article in its letter that describes the emails released by DOJ as discussing DOJ's use of Mark McKinnon and his media strategy company to help with talking points related to the firings. Id.

On August 2, 2007, the Director of Public Affairs affirmed the denial of plaintiff's request for expedition. Complaint, ¶ 33.

On August 6, 2007, OIP sent plaintiff an interim response to its May 23, 2007 FOIA request. The letter informed plaintiff that no records responsive to plaintiff's request had been located in the Offices of the Attorney General and Associate Attorney General. The office further stated that DOJ was continuing to search in the Office of the Deputy Attorney General. Complaint, ¶ 34.

CREW filed this lawsuit on September 13, 2007. Thereafter, on October 22, 2007, OIP provided CREW with a final response to its FOIA request, informing CREW that DOJ had

5

completed processing the FOIA request and found no responsive documents.

## STATUTORY BACKGROUND

### The FOIA

The FOIA, 5 U.S.C. § 552, is a mandatory disclosure statute that requires federal agencies to release requested records to the public upon a request made by any person, unless one or more of nine statutory exemptions apply.  The FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dept of the Air Force v. Rose, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599 (1976) (quotation omitted).  The FOIA allows citizens to know "what the government is up to, U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773, 109 S. Ct. 1468, 1482 (1989), and acts as a check against corruption by holding the government accountable to those it governs.  NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978).

Agency records not subject to a FOIA exemption must be disclosed upon the agency's receipt of a proper request.  Such request must reasonably describe the records sought, 5 U.S.C. § 552(a)(3)(A), and must be made in accordance with the agency's published FOIA regulations. 5 U.S.C. § 552(a)(3)(A)(ii).

Upon receipt of a FOIA complaint, the district has jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).  In a FOIA action, the agency bears the burden of justifying its failure to disclose the requested documents.  Id.  The agency does so through its Vaughn index or declarations.  Summers v. U.S. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Vaughn v. Rosen, 484 F.2d 829, 823 (D.C. Cir. 1973).

**ARGUMENT**

I.      **DEFENDANT DOJ FAILED TO CONDUCT AN ADEQUATE SEARCH FOR RESPONSIVE DOCUMENTS[1]**

Upon receipt of a properly submitted FOIA request, an agency must conduct a search that is "reasonably calculated to uncover all relevant documents." National Magazine v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995); See also Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The reasonableness of an agency's search depends, in part, on the scope of the FOIA request and the requester's description of the records sought.  See e.g., 5 U.S.C. § 552(a)(3)(A) (requiring that a FOIA request "reasonably describe[]" the records sought).  Moreover, agencies have a duty to construe FOIA requests liberally.  Judicial Watch, Inc. v. DOD, 2006 U.S. Dist. LEXIS 44003 (D.D.C. 2006).  Here, defendant's search was neither reasonable nor adequate.

**The Defendant's Declaration Is Inadequate**

A responding agency, here defendant DOJ, bears the burden of proving that it made a good faith effort to conduct an adequate search for records requested through the FOIA, using methods which can be expected to produce the information requested.  See Weisberg, v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); see also Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 371 (agency affidavit must indicate which files were searched and reflect a systematic approach to document location in order to enable a challenge to the procedures utilized).  Toward that end, agency declarations will be deemed inadequate if they do not

---

[1] In accordance with the FOIA, 5 U.S.C. § 552(a)(6)(E)(iv), CREW's Opposition to Defendant's Motion to Dismiss is limited in scope to the adequacy of Defendant's search and will not address its expedited processing allegation given DOJ's claim that it has completed processing CREW's request.

identify what files were searched, what search terms were used and do not show that the search method was "reasonably calculated to uncover all relevant documents." <u>Oglesby v. Dep't of the Army</u>, 920 F.2d 57, 68.

Agency declarations must also "aver that all files likely to contain responsive materials. . . were searched" in order to "afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." See <u>Iturralde v. Comptroller of Currency</u>, 315 F.3d 311, 313-14 (D.C. Cir. 2003). If the agency declarations do not meet this standard, summary judgment must be denied. <u>Landmark Legal Foundation v. EPA</u>, 272 F.Supp.2d 59, 66 (D.D.C. 2003) ("agency affidavits that do not denote which files were searched, or by whom, do not reflect any systematic approach to document location. . . are insufficient to support summary judgment.") (*citing* <u>Weisburg</u>, 627 F.2d at 371); <u>See</u> also <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 326 (D.C. Cir. 1990); <u>Founding Church of Scientology v. Nat'l Sec. Agency</u>, 610 F.2d 824, 837 (D.C. Cir. 1979).

Here, the declaration of Melanie Ann Pustay, Director of the Office of Information and Privacy, fails to sufficiently describe the defendant's search of the files likely to contain responsive documents. See <u>Valencia-Lucena</u>, 180 F.3d at 326 ("The court may rely on '[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed and averring that all files likely to contain responsive material (if such records exist) were searched.'"). Affidavits and declarations submitted by the agency should identify the affiants and their roles in the agency, discuss how the FOIA request was disseminated within their office and the scope of the search, which particular files were searched, and the chronology of the search. <u>Steinberg v. U.S. Dep't of Justice</u>, 23 F.3d 548 (D.C. Cir. 1994)(explaining that agency

affidavits that do not denote systemic approach to document location, and that do not provide information specific enough to enable the requester to challenge the procedures utilized are insufficient to support summary judgment).

First, Ms. Pustay states that DOJ began its search by disseminating a memorandum that requested that "each individual staff member" in the offices outlined in CREW's FOIA request "search as necessary for records responsive to the request." See Declaration of Melanie Ann Pustay, ¶ 9 ("Pustay Declaration"). Defendant's declaration, however, fails to indicate the specific files searched by the individual staff members or the number of current or former employees whose electronic mail was searched. Id. Given the narrowness of CREW's FOIA request, defendant's declaration should have defined with more specificity which record systems were searched where responsive documents were likely to be found. See Oglesby, 920 F2d. at 68. At this point, neither CREW nor this Court has any way of knowing what specific files DOJ searched or how many files it searched for documents responsive to CREW's FOIA request.

Second, while defendant's declaration states that its FOIA specialist conducted a search in its Enterprise Vault ("EV") of former employees' emails and identifies the terms used in conducting this search, the declaration does not set forth the search terms used when it submitted its memoranda to the current employees within the Offices of the Attorney General, Deputy Attorney General and Associate Attorney General seeking records responsive to CREW's FOIA request. See Pustay Declaration, ¶ 9, 15. Thus, CREW does not have any information as to which files the current employees searched, nor whether these employees were instructed to search for records using the same search terms defendant used when it searched through the EV for files of its former employees.

Third, although DOJ states that it searched the email accounts of "former employees

9

most likely to have responsive material," it fails to identify which specific former employees' accounts were searched. Thus, there is no way to test the legitimacy of DOJ's bald assertions. Pustay Declaration at ¶ 14.

Without this information the district court cannot determine if the search was adequate and must deny defendant's motion to dismiss. See Iturralde at 313-14.

Finally, and particularly troubling is the unaccountable gap in the time it took DOJ to complete its processing of CREW's request. CREW first made its request on May 23, 2007, when the U.S. Attorney firing controversy was raging and newspapers were reporting of the efforts at DOJ to control the public relations aspects of the controversy through the use of outside consultants. Not only did DOJ deny CREW's request for expedition, but it did not advise CREW that the agency's processing was complete until five months later and days before the government's answer to this lawsuit was due. Ms. Pustay's declaration is completely silent on the reasons for this delay, beyond acknowledging that a search was initiated on June 29, 2007, and not completed until October 15, 2007. Pustay Declaration at ¶¶ 9, 12.

This case is not an isolated incident; all too often a responding agency does not meet the statutory deadline for responding to CREW's FOIA requests, yet somehow manages to complete processing shortly after CREW files suit.[2] As a result, CREW is forced to expend valuable

---

[2]At least two other lawsuits filed by CREW show a strikingly similar pattern to this case whereby the DOJ finally responds to CREW's FOIA request around the time when its Answer to a FOIA lawsuit was due.

See CREW v. DOJ, Civ. Action No.: 04-1944 (RJL) (filed 11/9/2004) (CREW filed a FOIA on February 27, 2004 with DOJ requesting communications between the DOJ and any staffer or former staffer for Judiciary Committee Chairman Orrin Hatch and Senator Majority Leader Bill Frist. CREW's FOIA request was denied by DOJ on September 22, 2004; CREW appealed its denial on October 1, 2004; and finally, after failing to hear anything more from the DOJ, CREW filed a lawsuit on November 9, 2004. DOJ finally responded to CREW's FOIA

10

resources on litigation to receive a response to its FOIA requests.

Accordingly, and on the basis of the record that the DOJ has put before this Court, its motion to dismiss must be denied because its conclusory argument that it conducted an adequate search is without sufficient evidentiary support.

## CONCLUSION

For the foregoing reasons, CREW respectfully requests that the Court deny defendant's motion to dismiss or, in the alternative, for summary judgment.

Respectfully submitted,

/s/
Kimberly D. Perkins
(D.C. Bar No. 481460)
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
    In Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Attorneys for Plaintiff

Dated: December 4, 2007

---

request by submitting documents on February 16, 2005);

See also CREW v. DOJ, Civ. Action No.: 1:07-cv-00842 (RCL) (filed 5/7/2007)(CREW filed its FOIA request on March 22, 2007; On April 20, 2007, the DOJ acknowledged receipt of CREW's FOIA and informed CREW that it would be unable to meet the 20-day statutory time period or the 10-day extension for submitting a response to CREW's FOIA request. The DOJ did not identify a date by which it could respond to CREW's FOIA request. Therefore, on May 7, 2007, CREW filed a lawsuit against the DOJ seeking the records responsive to its FOIA request. On August 1, 2007, the DOJ informed CREW of its decision to withhold documents as exempt from the FOIA.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CITIZENS FOR RESPONSIBILITY         )
AND ETHICS IN WASHINGTON,           )
                                    )
            Plaintiff,              )    1:07-cv-01620 (RMC)
                                    )
       v.                           )
                                    )
U.S. DEPARTMENT OF JUSTICE          )
                                    )
            Defendant.              )
_____)

**PLAINTIFF'S RESPONSE TO DEFENDANT DEPARTMENT OF JUSTICE'S
STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 7(h), Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") hereby responds to Department of Justice's ("DOJ") statement of material facts as to which it contends there is no genuine issue and sets forth Plaintiff's Response to Defendant's Statement of Material Facts as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Plaintiff neither admits nor denies. This paragraph is a characterization of the arguments made by DOJ and the declaration of a DOJ official, the contents of which speak for themselves.

8. Admitted.

9. Plaintiff neither admits nor denies. This paragraph is a characterization of the declaration of a DOJ official.

10. Plaintiff neither admits nor denies. This paragraph is a characterization of the declaration of a DOJ official.

11. Plaintiff neither admits nor denies. This paragraph is a characterization of the declaration of a DOJ official.

12. Admitted.

13. Admitted.

14. Admitted.

15. Plaintiff neither admits nor denies. This paragraph is a characterization of the declaration of a DOJ official.

16. Admitted.

                      Respectfully submitted,

                      \_\_\_\_/s/_____
                      Anne L. Weismann
                      D.C. Bar No. 298190
                      Kimberly D. Perkins
                      D.C. Bar No. 481460
                      Citizens for Responsibility and
                      Ethics in Washington
                      1400 Eye Street, N.W., Suite 450
                      Washington, D.C. 20005
                      (202) 408-5565

                      Attorneys for Plaintiff

Dated: December 4, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CITERS FOR RESPONSIBILITY            )
AND ETHICS IN WASHINGTON,             )
                                      )
              Plaintiff,              )    1:07-cv-01620 (RMC)
                                      )
        v.                            )
                                      )
U.S. DEPARTMENT OF JUSTICE            )
                                      )
              Defendant.              )
_____)

### [PROPOSED] ORDER

Upon consideration of Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, Plaintiff's Opposition thereto and the entire record herein, and for the reasons explained in the Memorandum Opinion issued on this date, it is hereby

**ORDERED** that Defendants' motion to dismiss or, in the alternative, for summary judgment be, and hereby is, **DENIED**.

Dated: _____                       _____
                                         ROSEMARY M. COLLYER
                                         United States District Court Judge