# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                                    |     |                                      |
|----------------------------------------------------|-----|--------------------------------------|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | )<br>)<br>)<br>) |                          |
| Plaintiff,                                         | )<br>) |                                    |
| v.                                                 | )<br>) | Civil Action No. 07-1620 (RMC)    |
| U.S. DEPARTMENT OF JUSTICE,                        | )<br>) |                                    |
| Defendant.                                         | )<br>) |                                    |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff's opposition presents no meritorious grounds for denying the Department of Justice's ("DOJ") Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. no. 5). Indeed, the entire filing contains only three paragraphs addressing the single remaining issue in this case – whether the declaration of Melanie Ann Pustay documents a search "reasonably calculated to discover the requested documents." *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

In order to document an adequate search, defendant need not "set forth with meticulous documentation the details of an epic search for the requested records." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). "Rather, in the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in *reasonable detail* the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id.* (emphasis added); *see also Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986) ("[A] search need not be perfect, only adequate, and adequacy is measured by

the reasonableness of the effort in light of the specific request."). Notwithstanding these well-settled principles, plaintiff attacks the agency's declaration on three grounds. None of these arguments has merit.

*First*, plaintiff contends that this declaration is inadequate because "neither CREW nor this Court has any way of knowing what specific files DOJ searched or how many files it searched for documents responsive to CREW's FOIA request." Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl. Opp.") at 9. This contention – that DOJ did not identify the files it searched – is demonstrably false. The declaration of Melanie Ann Pustay, Director of the DOJ's Office of Information and Privacy ("OIP"), makes clear *exactly* which files were searched: those of all current employees in the Offices of Attorney General, Deputy Attorney General, and Associate Attorney General, as well as the e-mail files of former employees of those offices most likely to have records responsive to this request. *See* Pustay Decl. ¶ 9 ("By memoranda dated June 29, 2007, records searches were initiated in the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General."); *id.* ¶ 13 ("OIP also itself conducted additional e-mail searches of former employees of these three Offices. In so doing, OIP determined which former employees were the most likely to have responsive records, and then conducted e-mail searches of the Enterprise Vault (EV Vault) for those custodians.").

Moreover, in addition to identifying the offices whose files were searched for responsive records, the Pustay declaration also describes the standard protocols used for searching those offices' records. For example, the declaration notes that "[t]he practice for these three Offices is to notify each individual staff member in that Office of the receipt of OIP's memorandum

requesting that a search be conducted, and each staff member's files, including electronic files, are then searched as necessary for records responsive to the request." *Id.* ¶ 9. The declaration also provides detail on the search terms OIP used to conduct its electronic search of DOJ's Enterprise Vault, which contains e-mail records of former employees in the three DOJ leadership offices identified by CREW's FOIA request. *See id.* ¶¶ 13-15. FOIA requires no more detail than this. *See Citizens For Responsibility and Ethics in Washington v. National Indian Gaming Comm'n*, 467 F. Supp. 2d 40, 50 (D.D.C. 2006) (RMC) ("*NIGC*") (agency declaration need only "provide basic information on what records were searched, by whom, and in what manner" (quoting *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 33 (D.D.C. 2002)).

*Second*, plaintiff contends that the agency's declaration is inadequate because, although it spells out the search terms used to search the DOJ's Enterprise Vault (containing records of former employees), "the declaration does not set forth the search terms used when it submitted its memoranda to *current employees* within the Offices of the Attorney General, Deputy Attorney General and Associate Attorney General seeking records responsive to CREW's FOIA request." Pl. Opp. at 9 (emphasis added). This contention that DOJ was required to spell out the criteria that each current employee used in searching their own files for responsive records, too, is without merit. Indeed, this Court rejected a nearly identical challenge brought by this very plaintiff in *CREW v. NIGC*. In that case, CREW alleged that the agency's declaration inadequately described the search method "because 'we have no idea what formed the basis for' NIGC employees' determination what they considered to be relevant materials." *NIGC*, 467 F. Supp. 2d at 50. This Court correctly rejected that contention, noting that "[t]o the contrary, CREW's own FOIA request, in CREW's own words, identified the records that it wanted." *Id.*

The same is true in this case.  CREW's own FOIA request clearly spells out the category of

documents that would be responsive: *any* communications between employees in those three

DOJ offices and Mr. McKinnon or his public relations firms concerning "*any* aspect of the

congressional inquiry into the firing of U.S. Attorneys."  Pustay Decl., Exh. A (emphasis added).

The documentation of the search for records responsive to this request requires no additional

explanation of what each individual employee searched for in their files.  Instead, the agency

need only "provide[] sufficient detail regarding the specific files that [agency] employees

reviewed."  *NIGC*, 467 F. Supp. 2d at 50.  The declaration clearly provides sufficient detail under

that standard; it notes that DOJ searched the paper and electronic files of all current employees of

the three leadership offices identified by CREW's FOIA request, as well as the e-mail files of

former employees most likely to have responsive records.  *See* Pustay Decl. ¶¶ 9, 13-14.

"Nothing more is needed." *Id.*

  *Third*, and finally, CREW complains that the agency's search declaration "fails to identify

which specific former employees' accounts were searched."  Pl. Opp. at 10.  Again, this

argument – which is merely a variation of the first argument refuted above – calls for a level of

detail that the FOIA simply does not require.  Plaintiff cites no case for the proposition that a

search declaration must contain an itemized list of the names of each former employee whose

files were searched.  Nor could it; a declaration need only "'aver[] that all files likely to contain

responsive materials (if such records exist) were searched.'"  *Wilbur v. C.I.A.*, 273 F. Supp. 2d

119, 124 (D.D.C. 2003) (quoting *Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir.

1999)).  DOJ's declaration does exactly that.  It notes that OIP began its search of the EV vault

by "identif[ying] the former employees most likely to maintain records on the subject of plaintiff

s request." Pustay Decl. ¶ 14.  OIP identified these individuals "from a list of former employees

in the EV Vault, using general information on the topic as well as the extensive personal

experience of the FOIA Specialist assigned to plaintiff's request in conducting previous e-mail

searches regarding the Congressional inquires into the replacement of U.S. Attorneys." *Id.*

These representations are more than sufficient to aver that "all files likely to contain responsive

materials . . . were searched." *Wilbur*, 273 F. Supp. 2d at 124.[1]

* * * * *

CREW does not dispute that the Court should dismiss this case, or, in the alternative,

award summary judgment to the DOJ, if it determines that the agency's search was adequate.

Because CREW's attacks on the agency's search declaration are factually rebutted by the

declaration itself, and/or call for a level of detail that FOIA simply does not require, this Court

should reject those arguments, and grant the DOJ's Motion.

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director
D.C. Bar No. 418925

---

[1] CREW also complains that the search was inadequate because, in CREW's view, it took too long and was not completed until after CREW filed this instant action.  *See* Pl. Opp. at 9-11. Those arguments are beside the point and have no bearing on whether the search, which has been completed, was sufficient.

*/s/ Michael P. Abate*
MICHAEL P. ABATE
IL Bar No. 6285597
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, D.C. 20044
<u>Delivery Address</u>
20 Massachusetts Ave., N.W., Room 7302
Washington, D.C. 20001
Telephone:     (202) 616-8209
Facsimile:     (202) 616-8470

*Attorneys for Defendant*

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2008, I caused the foregoing Defendant's Reply in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment, to be served on plaintiff's counsel of record electronically by means of the Court's CM/ECF system.


*/s/ Michael P. Abate*