UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 07-1620 (RMC) |
| DEPARTMENT OF JUSTICE, | ) ) ) |  |
| Defendant. | ) ) |  |

MEMORANDUM OPINION

Citizens for Responsibility and Ethics in Washington ("CREW") brought this suit against the Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. CREW complains that DOJ failed to conduct an adequate search for documents regarding the termination of nine U.S. Attorneys and how the explanation for such terminations might have been influenced by Mark McKinnon and his public relations firm. Despite the fact that its search turned up no documents, DOJ asserts that it conducted the reasonable and adequate search that FOIA requires. Thus, DOJ has moved to dismiss or for summary judgment. As explained below, the motion will be granted.

I. FACTS

In response to a media report that the White House worked with political consultant Mark McKinnon to devise a media strategy concerning the U.S. Attorney firings, CREW submitted a FOIA request to DOJ. Specifically, on May 23, 2007, CREW requested email messages sent

between Mark McKinnon or his public relations firms, Maverick Media, Inc. and Public Strategies, Inc., and "any current or former [DOJ] employee in the Offices of the Attorney General, Deputy Attorney General, and/or Associate Attorney General concerning any aspect of the Congressional inquiry into the firings of U.S. Attorneys." Def.'s Mot. to Dismiss or for Summ. J. and Mem. in Supp. ("Def.'s Mem."), Ex. 1, A.

In response to the request, on June 27, 2007, DOJ's Office of Information and Privacy ("OIP") initiated a records search. Before the Court, DOJ has submitted the Declaration of Melanie Ann Pustay, Director of OIP, describing the search conducted. *See* Def.'s Mem., Ex. 1 (Pustay Decl.). On June 29, 2007 records searches were initiated in the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General. *Id*. ¶ 9. Ms. Pustay states:

> The practice for these three Offices is to notify each individual staff member in that Office of the receipt of OIP's memorandum requesting that a search be conducted, and each staff member's files, including electronic files, are then searched as necessary for records responsive to the request. In this instance, OIP notified these Offices that e-mails were specifically requested by plaintiff.

*Id*. Because this search would only encompass the records of current employees, OIP itself conducted a search of the records of former employees of these Offices. *Id*. ¶ 13. Ms. Pustay explains:

> OIP determined which former employees were the most likely to have responsive records, and then conducted e-mail searches of the Enterprise Vault ("EV Vault") for those custodians. The EV Vault maintains e-mails of former employees in the senior leadership offices of the [DOJ]. . . .
>
> Custodians were identified from a list of former employees in the EV Vault, using general information on the topic as well as the extensive personal experience of the FOIA Specialist assigned to plaintiff's request in conducting previous e-mail searches regarding the

> Congressional inquiries into the replacement of U.S. Attorneys.
>
> Once we identified the likely records custodians, the FOIA Specialist conducted a search of each individual's e-mails in the EV Vault using the terms "Mark McKinnon," "Maverick Media," and "Public Strategies" from March 8, 2007, the date of the first congressional inquiry into the U.S. Attorney firings, to July 18, 2007, the date the search was conducted.

*Id*. ¶¶ 13-15.

On August 6, 2007, OIP informed CREW that searches in the Offices of the Attorney General and the Associate Attorney General produced no responsive records and that the search in the Office of the Deputy Attorney General was not yet completed. On September 13, 2007, CREW brought suit under FOIA, alleging that DOJ failed to produce the records requested.[1] Subsequently, DOJ completed processing the FOIA request, and on October 22, 2007, DOJ informed CREW that the search of the Office of the Deputy Attorney General also had failed to produce responsive records. Asserting that it conducted an adequate under FOIA, DOJ seeks dismissal or summary judgment of this suit.

## II.  STANDARD OF REVIEW

If, in considering a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). Because matters outside the pleadings are presented in this case, the court

---

[1] Originally, CREW also asserted a claim for failure to grant expedited processing. Compl. Count 1 ¶¶ 37-40. Because DOJ has now completed processing CREW's request, CREW recognizes that this claim is moot. Pl.'s Opp. at 7 n. 1 (citing 5 U.S.C. § 552(a)(6)(E)(iv) (a district court shall not have jurisdiction to consider a claim for denial of expedited processing after the agency has provided a complete response to the request).

will treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(b)(6).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.* at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

FOIA cases are typically and appropriately decided on motions for summary judgment.  *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13  (D.D.C. 1980).  In a FOIA case, the Court may award summary judgment solely on

the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). An agency's declarations should be reasonably detailed and nonconclusory, *Weisberg v. Dep't of Justice*, 704 F.2d 1344, 1351 (D.D.C. 1983), and must be accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).

### III. ANALYSIS

To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). A suit is only authorized under the FOIA against federal agencies and injunctive relief is only available to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1).

Before it can obtain summary judgment in a FOIA case, "an agency must show, viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated to uncover all relevant documents." *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). The question is not whether other responsive documents may exist, but whether the search itself was adequate. *Id*. The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v.*

*Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).  There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information.  *Blanton v. U.S. Dep't of Justice,* 182 F. Supp. 2d 81, 84 (D.D.C. 2002).

An agency can show a good faith reasonable search by submitting a declaration that describes the scope and method of the search in reasonable detail.  *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).  "An agency's affidavits need not be precise but they must provide basic information on what records were searched, by whom, and in what manner."  *Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 28, 33-34 (D.D.C. 2002).  The declaration(s) must assert that all files likely to contain responsive materials were searched.  *Wilbur v. CIA*, 273 F. Supp. 2d 119, 124 (D.D.C. 2003).  For example, in *CREW v. Nat'l Indian Gaming Comm'n*, 467 F. Supp. 2d 40 (D.D.C. 2006), CREW alleged that it was insufficient for the agency to state merely that it had performed an electronic search for the names of the individuals and entities identified in the FOIA request and that the agency must provide details regarding the actual databases and indices searched as well as the "Boolean operators" used to search.  The Court rejected this argument noting that basic information regarding what records were searched, by whom, and in what manner was sufficient.  *Id*. at 50.

In this case, CREW contends that Ms. Pustay's declaration is inadequate because CREW cannot tell what specific files were searched, how many files were searched, or which specific former employee's files were searched.  DOJ in fact identified the files searched — the email files of all current employees in the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General and the email files of former employees most likely to have records responsive to the request.  Decl. of Pustay ¶¶ 9, 13-15.  CREW asked for email; obviously, the files

searched were email files. There is no need for further specificity. In compliance with FOIA requirements, Ms. Pustay's declaration asserts that all files likely to contain responsive materials were searched, by whom they were searched, and in what manner. *Wilbur*, 273 F. Supp. 2d at 124; *Schrecker*, 217 F. Supp. 2d at 33-34.

CREW further contends that the declaration is insufficient because while it specifies search terms used to search the EV Vault of former employee emails — the terms "Mark McKinnon," "Maverick Media," and "Public Strategies" — it does not specify what terms current employees used in searching for responsive documents. CREW made a similar claim in *Nat'l Indian Gaming Comm'n*, where it asserted that the agency failed to sufficiently disclose the method of searching files because CREW had "no idea what formed the basis" for the agency employees' determination as to what they considered to be relevant materials. 467 F. Supp. 2d at 50. The Court rejected this argument stating, "[t]o the contrary, CREW's own FOIA request, in CREW's own words, identified the records that it wanted." *Id*. The same is true here. CREW's FOIA request sought email messages between Mark McKinnon, Maverick Media, Inc., and Public Strategies, Inc. and any current or former DOJ employee concerning any aspect of the Congressional inquiry into the firings of U.S. Attorneys. Ms. Pustay's declaration indicates that DOJ searched for the records requested by CREW. Ms. Pustay's declaration must be accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard*, 926 F.2d at 1200. CREW has not presented any claim that would rebut this presumption of good faith. Because DOJ conducted a diligent and reasonable search, summary judgment will be granted in its favor.

## IV.  CONCLUSION

    Defendant's motion to dismiss or for summary judgment [Dkt. #5] will be granted. Accordingly, the Complaint will be dismissed.  A memorializing order accompanies this Memorandum Opinion.


DATE: March 10, 2008          _____/s/_____
                    ROSEMARY M. COLLYER
                    United States District Judge